IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.:

RICHARD GRATTON

                Plaintiff,

       vs.                                    **COMPLAINT**

DAVIS DAVIS ATTORNEYS, P.C.

                Defendant.           **JURY TRIAL DEMANDED**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff Richard Gratton is a natural person who resides in the County of Westmoreland, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Davis Davis Attorneys, P.C. (hereinafter "Davis") is a law firm operating from an address of 393 Vanadium Road, Suite 300, Pittsburgh, PA

15243-1478 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical bill.

7. The Plaintiff's alleged debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

### Violation of § 1692g

8. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. The Plaintiff received a dunning letter from Davis dated February 19, 2010. A true and correct copy of said letter is attached hereto as Exhibit "A".

10. Davis' letter does not contain a validation notice as provided by § 1692g(a).

11. Specifically, Davis's letter states, "Your immediate attention is required. Failure to respond to this letter will result in this account being reported negatively on your credit." This would confuse consumers by creating a false sense of urgency as to whether the consumer must act before the expiration of the

30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt.

12. 15 U.S.C. §1692g(a)(3) provides as follows,

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

13. Davis's letter states, "Unless you dispute this debt or any portion of the debt within thirty (30) days after your receipt of this letter, it will be assumed that the debt is valid"; as opposed to what the stature requires, "the debt will be assumed to be valid by the debt collector."

14. Davis's February 19, 2010 collection letter violates 15 U.S.C. § 1692g(a)(3).

## CAUSE OF ACTION

### COUNT I.
### VIOLATION OF THE FAIR DEBT COLLETION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing intentional and negligent acts and omissions of the Defendant constitute a violation of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C.§ 1692 et. seq.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted,

**JEFFREY L. SUHER, P.C.**

By: **/s/ Jeffrey L. Suher**

Jeffrey L. Suher
Attorney I.D. #74924

4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
(412) 374- 9005  (412) 374-0799 fax
lawfirm@jeffcanhelp.com
Attorneys for Plaintiff